Gutiérrez del Arroyo, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de cancelación de hipoteca.

No. 308.—Resuelto en marzo 7, 1917.

Poderes—Mandatos—Facultades para Cancelar Hipotecas—Cancelación de Hipotecas—Cobro de Créditos Hipotecarios.—Facultado un apoderado para celebrar contratos de cancelación de créditos hipotecarios y suscribir cartas de pago, implícitamente se le autoriza para cobrarlos, pues no se concibe que se faculte para cancelar una hipoteca sin que al mismo tiempo se autorice para cobrarla, ya porque el deudor pague voluntariamente o porque sea obligado a éllo, sin que exista diferencia alguna entre un caso en que se concede al apoderado poder para *ejecutar y cancelar hipotecas* y otro en que sólo se le faculta para *cancelar hipotecas.*

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. Martínez & Iriarte.*

El registrador recurrido, Sr. José S. Belaval, compareció por su sustituto Sr. Manuel Paz Urdaz.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Presentada en el registro una escritura por la cual los señores Paul Barby y Rafael Schulze, como apoderados de don Hubert Koberg Schatz, cancelaron cierta hipoteca debida a su mandante por la recurrente Olimpia Gutiérrez del Arroyo, el registrador se negó a inscribirla fundándose en que en las escrituras de poder no se confieren a los apoderados facultades para cobrar créditos hipotecarios de los mandantes, citando en su apoyo la sentencia de este Tribunal Supremo de 29 de

octubre de 1913, que es la de *Andino* v. *el Registrador de la Propiedad,* 19 D. P. R. 1022.

Entre las facultades conferidas a los apoderados que otorgaron la escritura de carta de pago y de cancelación total de la hipoteca se hallan las de celebrar contratos de cancelación de créditos hipotecarios y suscribir cartas de pago.

Entendemos que este caso es exactamente igual al de Andino que se cita por el registrador y también por la parte recurrente como fundamento para que revoquemos la resolución recurrida. En el caso de Andino se había dado facultad al apoderado para ejecutar y cancelar las hipotecas constituídas y vencidas y las sucesivas, sin que hubiera cláusula alguna para facultar al apoderado para el cobro de los créditos de sus mandantes, y entonces resolvimos que al revestirles los mandantes con la facultad de ejecutar y cancelar las hipotecas le dieron también implícitamente poder para cobrar las cantidades garantizadas por las hipotecas que podía ejecutar y cancelar, porque no se concebía que se autorizara al apoderado para ejecutar la hipoteca sin que al mismo tiempo estuviera facultado para obtener los resultados de la ejecución, ya porque el deudor pagase al ser requerido para ello o ya para recibir la cantidad que se obtuviera en la subasta con que terminase la ejecución. Y entonces añadimos que este razonamiento era aplicable igualmente para el caso de cancelación por el pago voluntario del deudor hipotecario, toda vez que la facultad de ejecutar y de cancelar hipotecas lleva en sí el poder de gestionar el cobro de las cantidades garantizadas por las hipotecas y de cobrar el importe de ellas. En el caso de Andino, como en éste que resolvemos no se trataba de cancelación por ejecución de hipoteca, sino de pago voluntario. Los casos son idénticos y ahora debemos resolver lo mismo que entonces, que la escritura es inscribible.

El único fundamento que alega el registrador es que entiende que la sentencia de Andino se refiere al caso de que se haya concedido al apoderado facultad para ejecutar hipotecas y no al presente en que la facultad es para cancelar hipotecas.

No existe distinción entre uno y otro caso según entonces resolvimos y, por tanto, la nota recurrida debe ser revocada y ordenarse la inscripción del documento.

> *Revocada la nota recurrida y ordenada la inscripción del documento presentado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.